UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAKE BIAS, a/k/a JAKE JEROME BIAS, #166407                    PETITIONER

VS.                                         CIVIL ACTION NO. 3:19-CV-282-HTW-FKB

LAMAR SHAW, WARDEN                                            RESPONDENT

REPORT AND RECOMMENDATION

Before the Court is the petition for habeas corpus relief filed by Jake Bias, a/k/a Jake Jerome Bias. *See* 28 U.S.C. § 2254. Respondent has filed a Motion to Dismiss [9] pursuant to 28 U.S.C. § 2244(d), to which Bias has filed a Response [11]. For the reasons explained below, the undersigned finds that Bias's petition is untimely and recommends that the Motion to Dismiss be granted.

I. FACTS AND PROCEDURAL HISTORY

On March 29, 2011, Bias pleaded guilty in the Circuit Court of Hinds County, Mississippi, to the charge of statutory rape, in violation of Mississippi Code Annotated § 97-3-65(1)(b)(Rev. 2006). *See* [9-1] (sentencing order); [10-5] (plea transcript). The victim was Bias's minor daughter, who was approximately three-years-old at the time of the offense. *See* [9-4]; *Bias v. State*, 245 So. 3d 534, 536 (Miss. Ct. App. 2017), *reh'g denied*, March 20, 2018 (Cause No. 2016-CA-00682-COA), *cert. denied*, June 14, 2018; [10-5] at 10. On March 30, 2011, the Circuit Court sentenced Bias to a term of twenty (20) years in the custody of the Mississippi Department of Corrections, with fifteen years to serve, five years suspended, and three years of supervised probation. *See* [9-1].

With the aid of counsel, Bias filed a motion for post-conviction relief on March 31, 2014,

˘1˘

in the Circuit Court of Hinds County. [9-2]. In his motion, he argued that he suffered ineffective assistance of counsel at trial, that the medical evidence did not support his confession, and that he was entitled to an evidentiary hearing. *Id.* at 4-6.[1] On May 6, 2016, the Circuit Court denied his motion for post-conviction relief without discussion, finding that his plea was voluntary and his arguments were without merit. [9-3]. Bias, again represented by counsel, appealed the denial of his motion for post-conviction relief. [9-4]. The Mississippi Court of Appeals denied relief on November 7, 2017, and denied rehearing on March 20, 2018. *Id.*[2] The Mississippi Supreme Court denied *certiorari* review on June 14, 2018. *Id.* at 1.

Bias signed his petition for habeas corpus relief on April 22, 2019, [1] at 16, and it was filed in this Court on April 24, 2019.[3] *Id.* at 1. The State responded with its Motion to Dismiss [9] and the State Court Record [10], arguing that the petition is untimely. Bias filed a Response [11] arguing that the federal statute of limitations should have been tolled while his state motion for post-conviction relief was pending. For reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

## II. DISCUSSION

The State asserts that Bias's petition is untimely under 28 U.S.C. § 2244(d). Amended by

---

[1] The motion in the record appears to be incomplete and alludes to, but does not contain complete arguments in support of, the separate ground that his confession was not supported by the medical evidence. [9-2] at 2, 4.
[2] On appeal, a portion of Bias's motion for post-conviction relief in which he argued that his confession was not supported by the medical evidence was missing from the record. [9-4] at 2. Bias's counsel was granted leave to supplement the record, but the supplemented record was still incomplete. *Id.* Nevertheless, the Court of Appeals addressed the argument as a part of Bias's ineffective assistance of counsel claim. *Id.* at 4 n.3.
[3] "For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)." *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).

the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court.  See *Cantu-Tzin v. Johnson,* 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999). AEDPA's statute of limitations period may also

be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)(internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

According to the State, Bias had until March 29, 2012, to file his petition, and, instead, he filed it in this Court on April 22, 2019, over seven years beyond the deadline for federal habeas petitions as established by the AEDPA. A review of the relevant dates shows that the State is correct.

Bias entered his guilty plea on March 29, 2011, and his conviction became final that same day. *See Roberts v Cockrell*, 319 F.3d 690 (5th Cir. 2003). Therefore, under § 2244(d)(1), and without the benefit of tolling pursuant to § 2244(d)(2), Bias's petition for a writ of habeas corpus was due in this Court by March 29, 2012.

Bias's state post-conviction filings did not extend this deadline. His March 31, 2014, "Motion for Post-Conviction Collateral Relief," filed in the Circuit Court of Hinds County, had no impact on the already-expired federal statute of limitations. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999)(expired limitations period cannot be revived by filing a state habeas petition).

Bias's petition, furthermore, does not set forth any circumstances which are so "rare and exceptional" as to warrant equitable tolling of the AEDPA statute. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)(AEDPA may be equitably tolled, albeit only in "rare and exceptional circumstances"); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(for equitable tolling to apply, Petitioner must prove that he has been pursuing his rights diligently, and that some extraordinary

4

circumstance stood in his way).

Bias signed his petition for habeas corpus relief on April 22, 2019. Thus, his petition was filed over seven years after the March 29, 2012, expiration of the statute of limitations, as established by AEDPA. The undersigned concludes that Petitioner has shown no reason he should be excused from meeting the AEDPA deadline, and the petition should be dismissed as untimely filed.

### III.  CONCLUSION

For the reasons set forth in this Report and Recommendation, the Motion to Dismiss [9] should be granted, and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 29th day of January, 2020.

      /s/  F. Keith Ball
UNITED STATES MAGISTRATE JUDGE